UNITES STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
JANET S. PEREIRA and
JOSMAR D. PEREIRA                               Chapter 7
      DEBTORS.                                Case No. 08-19341-WCH

JENNIFER MCHEFFEY and
ROCHELLE MCFARLAND,
      PLAINTIFFS,                             Adversary Proceeding
                                                No. 09-1082
v.

JOSMAR D. PEREIRA,
      DEFENDANT.

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

      The matter before the Court is Rochelle McFarland and Jennifer McHeffey's (the "Plaintiffs") Motion for Summary Judgment (the "Motion for Summary Judgment"), Josamar D. Pereira's (the "Debtor's") response in opposition thereto (the "Response"), and the Plaintiffs' reply (the "Reply"). Through the Motion for Summary Judgment, the Plaintiffs seek a determination that the debt owed to them by the Debtor is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) as having been for money obtained by false pretenses, false representation, and/or actual fraud. For the reasons set forth below, I will enter an order denying the Motion for Summary Judgment.

1

## II. BACKGROUND

The underlying dispute between the parties arises out of the Debtor's alleged failure to conduct home renovations for the Plaintiffs.[1] The parties submitted the dispute to arbitration and on July 24, 2006, after the Debtor failed to appear at the arbitration hearing, the Plaintiffs obtained a default arbitration award (the "Arbitration Award") against the Debtor for, among other things, "unfair and deceptive acts as defined in MGL Chapter 93A" ("Chapter 93A").[2] Additionally, the arbitrator (the "Arbitrator") determined that due to the nature of the Debtor's wrongdoing, the Plaintiffs were entitled to, among other things, double their actual damages, a total sum of $41,908.00.[3]

Thereafter, on July 24, 2007, after the Debtor failed to plead or otherwise defend against the Plaintiffs' attempt to confirm the Arbitration Award in the Massachusetts Superior Court, the Plaintiffs obtained a default judgment confirming the Arbitration Award (the "Superior Court Judgment").[4]

On December 5, 2008, the Debtor filed a bankruptcy petition which properly included the Plaintiffs on his Schedule F – Creditors Holding Unsecured Nonpriority Claims.[5] On March 10, 2009, the Debtor received his discharge.[6]

Prior to the Debtor receiving his discharge, on March 6, 2009, the Plaintiffs filed a complaint alleging that the debt owed to them, namely, the Arbitration Award, was for

---

[1] *See* Adversary Proceeding Number 09-1082 (the "Adversary Proceeding"), Docket No. 21, Exhibit A at "Findings of Fact" ¶ 1.

[2] *Id.*; *See* Mass. Gen. Laws ch. 93A, § 1 *et seq.*

[3] Adversary Proceeding, Docket No. 21, Exhibit A

[4] *Id.* Exhibit B.

[5] *See* Case Number 08-19341 (the "Bankruptcy Proceeding"), Docket No. 1.

[6] *Id.* at Docket No. 20.

2

money obtained by false pretenses, false representation, and/or actual fraud, making it non-dischargeable under 11 U.S.C. § 523(a)(2)(A) (the "Complaint").[7] On April 6, 2009, the Debtor filed his answer to the Complaint (the "Answer") in which he denied the allegations.[8]

On March 3, 2010, the Plaintiffs filed the Motion for Summary Judgment.[9] In the accompanying memorandum they argue that the Arbitrator must have found that the Debtor willfully and/or knowingly committed acts that violated Chapter 93A, as that conduct is necessary for an award of double damages.[10] Based on principles of collateral estoppel, they assert that summary judgment is appropriate because a finding of willful and knowing violations of sections 2 and 11 of Chapter 93A necessitates a finding of false pretenses, false representation, and/or fraud, as required to find a debt non-dischargeable under 11 U.S.C. § 523(a)(2)(A).[11] The Debtor filed the Response three weeks later in which he argued that genuine issues of material fact remained and that as a member of the Army at the time the Superior Court Judgment was entered, he is entitled under the Servicemembers Civil Relief Act (the "Servicemembers Act") to reopen any default judgment entered against him during his military tenure.[12] On April 6, 2010, the Plaintiffs filed the Reply asserting that the Debtor notified them of the potential applicability of the Servicemembers Act for the first time in the Response and that only

---

[7] Adversary Proceeding, Docket No. 1.

[8] *Id*. Docket No. 5.

[9] *Id.* Docket No. 21.

[10] *Id.*

[11] *Id.*

[12] *Id.* Docket No. 24. *See also* 50 App. U.S.C. § 521(g).

the Superior Court could afford the Debtor any relief as it entered the Superior Court Judgment.[13]

I held a hearing on all matters on April 14, 2010, and at its conclusion, I took the matter under advisement.[14]

### III. POSITION OF THE PARTIES

*The Plaintiffs*

In seeking a determination that the debt owed to them is non-dischargeable, the Plaintiffs argue that the Arbitrator determined that the Debtor willfully and knowingly deceived them, in violation of Chapter 93A, as evidenced by the award of double damages. The Plaintiffs assert that the Arbitrator's determination is equivalent to a finding that the debt was obtained by actual fraud or false pretenses and hence non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Accordingly, due to the Arbitration Award and the subsequent Superior Court Judgment, the Plaintiffs assert that the Debtor should be collaterally estopped from re-litigating the issue of whether the debt owed to them was obtained by fraud and/or false pretenses. Furthermore, the Plaintiffs argue that this Court should not consider the Servicemembers Act as the Debtor did not raise the defense in the Answer, this Court does not have competent jurisdiction to hear the defense, and the Debtor has not shown that his military serves affected his ability to defend against the Superior Court Judgment.

---

[13] *Adversary Proceeding*, Docket No. 25.

[14] *Id.*, Docket No. 26.

4

*The Debtor*

The Debtor argues that he has been a member of the Army since January 2007 and that he is entitled to the benefits of the Servicemembers Act, including his right to apply to reopen the Superior Court Judgment.

## IV. DISCUSSION

A.  *The Summary Judgment Standard*

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[15] The burden of proof is on the moving party in the first instance.[16] To defeat the motion, the opposing party must produce substantial evidence of a genuine dispute as to a material fact.[17] A material fact is one that has the "potential to affect the outcome of the suit under applicable law."[18]

In responding to a motion for summary judgment, the opposing party "may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial."[19] Further, "if the opposing party does not so respond, summary judgment

---

[15]  Fed. R. Civ. P. 56(c), made applicable to adversary proceedings by Fed. R. Bankr. P. 7056.

[16]  *Steel Hector & Davis v. Wang Labs., Inc.* (*In re Wang Labs., Inc.*), 155 B.R. 289, 290 (Bankr. D. Mass. 1993).

[17]  *Desmond v. Varrasso* (*In re Varrasso*), 37 F.3d 760, 763 n. 1 (1st Cir. 1994).

[18]  *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993).

[19]  Fed. R. Civ. P. 56(e)(2).

should, *if appropriate*, be entered against that party."[20] The United States Court of Appeals for the First Circuit has explained this provision to mean that the absence of a material factual dispute is a "condition necessary," but not a "condition sufficient" to summary judgment.[21] The moving party, therefore, must show that it is entitled to judgment as a matter of law.[22]

B. *Collateral Estoppel*

"The principle of collateral estoppel, or issue preclusion, bars relitigation of any factual or legal issue that was actually decided in previous litigation 'between the parties, whether on the same or a different claim.'"[23] In determining whether a party should be estopped from re-litigating an issue decided in a prior state court action, the bankruptcy court must look at that state's law of collateral estoppel.[24] Under Massachusetts law, in order for collateral estoppel to apply, a court must determine that: (1) there was a valid and final judgment on the merits; (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior litigation; (3) the issue in the prior adjudication is identical to the issue in the current litigation; and (4) the issue in the prior litigation was essential to the earlier judgment.[25] The doctrine of collateral estoppel

---

[20] *Id.* (emphasis added).

[21] *In re Varrasso,* 37 F.3d 760, 764.

[22] *Id.*

[23] *Grella v. Salem Five Cents Sav. Bank*, 42 F.3d 26, 30 (1st Cir. 1994) (*quoting* Restatement (Second) of Judgments, § 27 (1982)).

[24] *McCrory v. Spigel* (*In re Spigel*), 260 F.3d 27, 33 (1st Cir. 2001).

[25] *Alba v. Raytheon Co.,* 441 Mass. 836, 843, 809 N.E.2d 516, 521 (2004); *see also Smith Barney, Inc. v. Strangie* (*In re Strangie*), 192 F.3d 192, 194 (1st Cir. 1999).

6

applies in dischargeability proceedings in bankruptcy.[26] The "'guiding principle' in determining whether to allow a party the use of collateral estoppel is whether the party against whom it is asserted had a 'full and fair opportunity to litigate the issue in the first action or whether other circumstances justify affording him an opportunity to relitigate the issue.'"[27]

As the parties in the Arbitration Award, Default Judgment, and the current litigation are identical, I find that the second element of collateral estoppel is met.

It is within a court's discretion to apply collateral estoppel to a default judgment.[28] In Massachusetts, however, default judgments are generally not given collateral estoppel effect on an issue in a subsequent action because the issues have not been actually litigated.[29] Other federal courts have found it appropriate to make exceptions to the general rule when the defendant actively or substantially participated in the proceedings prior to the entry of a default judgment or avoided participating in the proceeding as part of a litigation tactic.[30] These courts reason "that if a party was afforded a reasonable opportunity to defend in the prior action but chose not to do so, the party could have

---

[26] *Grogan v. Garner*, 498 U.S. 279, 285 n. 11 (1991).

[27] *Treglia v. MacDonald*, 430 Mass. 237, 241, 717 N.E.2d 249, 253 (1999) (citation omitted).

[28] *Int'l Strategies Group, Ltd. v. Pomeroy* (*In re Pomeroy*), 353 B.R. 371, 376 (Bankr.D.Mass. 2006) (*citing Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331 (1979)).

[29] *Treglia*, 430 Mass. at 241.

[30] *See e.g. Gober v. Terra + Corporation* (*Matter of Gober*), 100 F.3d 1195 (5th Cir. 1996)(default issued against defendant after two years of litigation in which the defendant had answered and denied all allegations of the complaint); *Bush v. Balfour Beatty Bahamas, Ltd.* (*In re Bush*), 62 F.3d 1319, 1324 (11th Cir. 1995)(applying collateral estoppel effect to prior default judgment against debtor based on fraud, where debtor "actively participated" in adversary process for almost one year through filing an answer, counterclaim, and discovery requests); *FDIC v. Daily* (*In re Daily*), 47 F.3d 365, 368 (9th Cir. 1995)(applying collateral estoppel where "denying preclusive effect to the [prior] judgment…would permit [debtor] to delay substantially and perhaps ultimately avoid payment of the debt by deliberate abuse of the judicial process").

7

reasonably foreseen the consequences of not defending the action and it would be 'undeserved' to give a 'second bite at the apple when he knowingly chose not to defend himself in the first instance.'"[31]

In the current case, both the Arbitration Award and the subsequent Superior Court Judgment were defaults based on the Debtor's failure to participate in the respective proceedings. From the outset, I note that because I did not enter the default judgment against the Debtor, I lack jurisdiction to reopen the proceeding to vacate the default.[32] Nonetheless, though the Arbitrator reviewed "documents submitted by the [Plaintiffs],"[33] the record does not reflect that that the Debtor participated in the arbitration in *any* meaningful way or that his default was part of a grand scheme to delay substantially or avoid the payment of the debt owed to Plaintiffs. Similarly, the record displays a complete lack of the Debtor's involvement in the proceeding that lead to the Superior Court Judgment. Thus, the present case is not one in which the exception to the general rule barring collateral estoppel effect of default judgments is applicable. Accordingly, I find that there has not previously been a judgment on the merits of the Plaintiffs' complaint.

Even assuming, *arguendo*, that the current proceeding could fall within an exception to the general rule of not applying collateral estoppel to cases that were determined by default judgment, collateral estoppel would still be inappropriate as the

---

[31] *Backlund v. Stanley-Snow* (*In re Stanley-Snow*), 405 B.R. 11, 20 (1st Cir. BAP 2009) (*citing Bush*, 62 F.3d at 1324).

[32] 50 App. U.S.C. § 521(g)(1) ("If a default judgment is entered in an action covered by this section against a servicemember during the servicemember's period of military service (or within 60 days after termination of or release from such military service), *the court entering the judgment shall …*") (emphasis added).

[33] Adversary Proceeding, Docket No. 21, Exhibit A, "Findings of the Arbitrator," Introduction.

issue determined in the Arbitration Award is not identical to the one currently before me. Section 2(a) of Chapter 93A makes unlawful any "unfair or deceptive acts or practice in the conduct of any trade or commerce."[34] Under section 11 of Chapter 93A, if the court finds that the defendant has violated § 2(a), the plaintiff is entitled to actual damages and costs and attorney's fees.[35] Furthermore, if the fact finder determines that the defendant's conduct in violating § 2(a) of Chapter 93A was willful or knowing, the plaintiff is entitled to multiple damages: up to three times but no less than two times the amount of actual damages.[36]

On the other hand, pursuant to 11 U.S.C. § 523(a)(2)(A), a monetary debt is non-dischargeable to the extent the debt is obtained by "false pretenses, a false representation, or actual fraud."[37] The First Circuit Bankruptcy Appellate Panel has previously noted that "many courts treat the phrases as 'functionally equivalent.'"[38] Nonetheless,

> [T]o establish that a debtor obtained a debt by false pretenses or false representations, a creditor most show that: (1) the debtor made a knowingly false representation or one made in reckless disregard of the truth; (2) the debtor intended to deceive; (3) the debtor intended to induce the creditor to rely upon the false statement; (4) the creditor actually relied upon the misrepresentation; (5) the creditor's reliance was justifiable; and (6) the reliance upon the false statement caused damage.[39]

---

[34] Mass. Gen. Laws ch. 93A, § 2(a).

[35] *Id.*

[36] *Id.*; *See also Sack v. Friedlander* (*In re Friedlander*), 170 B.R. 472, 479 (Bankr. D. Mass. 1994)

[37] 11 U.S.C. § 523(a)(2)(A).

[38] *In re Stanley-Snow*, 405 B.R. at 21.

[39] *Id.* (citations omitted).

9

Ultimately, Chapter 93A violations and fraud are not synonymous[40] and a violation of Chapter 93A can be founded on "behavior that lacks the characteristics of misconduct necessary to support a finding of non-dischargeability" under 11 U.S.C. § 523(a)(2)(A).[41] A Chapter 93A violation may be established without proof that the defendant knew his or her false representations to be false, intended to deceive or induce the plaintiffs to rely upon false statements, and that the plaintiff relied on the representation.[42]

In the current proceeding, the underlying dispute involves the Debtor failing to deliver contracted services to the Plaintiffs and the Plaintiffs' reliance on the Debtor's promise to conduct said services.[43] Though the Arbitrator found that the Debtor knowingly and willfully violated Chapter 93A, the record does not reflect that the Debtor entered into the agreement with the knowledge that he would be unable to perform his obligations under the agreement or with the intent to deceive the Plaintiffs. Not does it reflect that the Plaintiffs' reliance was justified. Therefore, I find that the issue in the Arbitration Award and Default Judgment was not identical to the issue in the current proceeding.

Therefore, genuine issues of material fact remain as to whether the debt owed to the Plaintiffs from the Debtor was obtained by false pretenses, false representations, and/or fraud necessitating a trial on the merits.

---

[40] *Stoehr v. Mohamed*, 244 F.3d 206, 209 (1st Cir. 2001).

[41] *Id.*

[42] *In re Friedlander*, 170 B.R. at 479 (*citing Commonwealth v. Hale*, 618 F.2d 143, 146-147 (1st Cir. 1980)).

[43] Adversary Proceedings, Docket No. 21, Exhibit A.

10

## V. **CONCLUSION**

In light of the foregoing, I will enter an order denying the Plaintiffs' Motion for Summary Judgment.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: May 5, 2010